# COMPLAINT

1
2
3
4
5
6
7
8

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR PIERCE COUNTY**

9
10
11
12
13
14
15
16
17

| | |
|---|---|
| BRIAN GOULD and KIMBERLY GOULD, | No. 20-2-04462-3 |
| Plaintiffs, | COMPLAINT |
| vs. | |
| JAYCO INC., an Indiana for-profit corporation, and A-1 RV CENTER, INC., d/b/a CLEAR CREEK RV CENTER, a Washington for-profit corporation, | |
| Defendants. | |

18

## I. NATURE OF THE ACTION

19       1.       Brian and Kimberly Gould purchased a recreational vehicle from Defendants

20   which was affected by numerous mechanical and structural defects. Even after the Goulds gave

21   Defendants a reasonable opportunity to repair the defects, they were left with an RV that leaks

22   profusely in rain, suffers from internal water damage, has a damaged roof and a faulty

23   suspension, and has non-functional mechanical components including the unit's braking system.

24   In this action, the Goulds seek remedies for Defendants' failure to honor the Goulds' warranty

25   rights under Washington's version of the Uniform Commercial Code and the federal Magnuson-

26   Moss Warranties Act, even after Defendants were given the opportunity to cure their violations.

COMPLAINT - 1

Smith & Dietrich Law Offices PLLC
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

1  Plaintiffs seek an award of their out of pocket losses; a repurchase of their defective RV; and an
2  award of the Goulds' attorney fees and costs of this action.

3  **II. PARTIES**

4      2.      Brian and Kimberly Gould are a married couple. At all times relevant to this
5  Complaint, Plaintiffs were residents of Thurston County, Washington.

6      3.      Defendant Jayco, Inc. (Jayco) is a for-profit Indiana corporation in the business
7  of manufacturing and distributing recreational vehicles for retail sale. Defendant's products are
8  sold across the State of Washington, and Jayco routinely conducts business in Washington. Jayco
9  is not presently registered with the Washington Secretary of State, although records on file with
10  the Washington Department of Revenue show that Jayco is or was associated with the UBI
11  number 601-486-144. Jayco is reportedly registered with the Indiana Secretary of State under
12  Business ID number 196802-001 and maintains its principal place of business at 903 South Main
13  Street, Middlebury, Indiana 46540.

14      4.      Defendant A-1 RV Center, Inc. is a for-profit Washington corporation in the
15  business of retail sales of recreational vehicles that uses the trade name Clear Creek RV Center
16  (Clear Creek). A-1 RV Center, Inc. is registered with the Washington Secretary of State with the
17  UBI number 602-422-526. A-1 RV Center, Inc. maintains its principal place of business at 11572
18  Clear Creek Road NW, Silverdale, Washington 98383-9602.

19      5.      Whenever in this Complaint reference is made to any act, deed, or conduct of a
20  defendant corporation, the allegation means the defendant corporation engaged in the act, deed,
21  or conduct by or through one or more of its officers, directors, agents, employees, or
22  representatives who was actively engaged in the management, direction, control, or transaction
23  of the defendant corporation's ordinary business and affairs.

24

25

26  //

COMPLAINT - 2

Smith & Dietrich Law Offices PLLC
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

### III. VENUE AND JURISDICTION

6.     Pierce County Superior Court has jurisdiction pursuant to the Washington Constitution, Article 4, § 6 and RCW 4.12.020.

7.     Venue is proper pursuant to RCW 4.12.020; RCW 4.28.185(a) & (b); and CR 82.

### IV. FACTUAL ALLEGATIONS

8.     Plaintiffs purchased a new recreational vehicle from Defendants for family and household purposes, which was first delivered to Plaintiffs by Clear Creek RV Center, Inc. on June 16, 2017 (referred to below as the RV or the unit). The style of the unit is known as a "fifth wheel" (meaning it has no engine and is designed to be towed behind a motor vehicle). The exact description of the item was a Highland Ridge 2017 Open Range Fifth Wheel, model number 173X427BHS.

9.     The new RV was covered by a written warranty provided by the manufacturer, Highland Ridge—which is currently a subsidiary of Defendant Jayco, Inc. According to the 2017 Jayco owner's manual for the Goulds' RV, the manufacturer provided warranty coverage for two years following the delivery of a new RV to the original retail purchaser. The written warranty expressly states that "In the event that a substantial defect in material or workmanship, attributable to Highland, is found to exist during the warranty periods, it will be repaired or replaced, at Highland's option, without charge to the RV owner, in accordance with the terms, conditions and limitations of this limited warranty." Owner's Manual, 10.

10.     The Goulds' new RV was covered by Jayco's written warranty from June 16, 2017 to June 16, 2019.

11.     Jayco's written warranty explains that "If two (2) or more service attempts have been made to correct any covered defect that you believe impairs the value, use or safety of the RV, or if it has taken longer than thirty (30) days for those types of repairs to be completed, you must, to the extent permitted by law, notify Highland directly, in writing, at the above address, of the unsuccessful repair(s) of the alleged defect(s) so that Highland can become directly

COMPLAINT - 3

Smith & Dietrich Law Offices PLLC
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

1    involved in making sure that you are provided service pursuant to the terms of this limited
2    warranty." Owner's Manual, 11.

3         12.     Defendant Jayco provides warranty service to customers indirectly. As its manual
4    for the Goulds' new RV explains, in the event the customer needs warranty services, the
5    customer should contact one of Jayco's authorized warranty service providers "for an
6    appointment; they will handle all warranty repair billing and returned parts for you." Manual, 8.
7    Defendant Jayco works closely with its chosen authorized warranty service providers to deliver
8    service to their mutual customers. For example, as the owner's manual for the Goulds' RV
9    explains, "[p]arts for Highland Ridge RVs are distributed exclusively by authorized Highland
10   Ridge RV dealers. Highland Ridge does not sell parts retail direct or to non-authorized dealers."
11   Owner's Manual, 9.

12        13.     Defendant Clear Creek RV Center, Inc. has been an independent authorized
13   dealer of Jayco's products including its Highland Ridge line of recreational vehicles, and an
14   authorized warranty service provider for Jayco as to the Highland Ridge RVs Defendants sell, at
15   all relevant times.

16        14.     Defendant Clear Creek, the seller of the unit, is a merchant regularly engaged in
17   the retail sale of recreational vehicles like the Goulds' RV. In addition to Jayco's written
18   warranty, the Plaintiffs' purchase of their new RV was also subject to an implied warranty of
19   merchantability under Washington's version of the Uniform Commercial Code. RCW 62A.2-
20   314.

21        15.     Although they initially took possession of the unit understanding it to be new and
22   free of any defects, Goulds experienced various issues with the quality of their new recreational
23   vehicle. On or around June 29, 2017, they observed water draining from the rear air conditioner
24   unit in the unit's ceiling onto the floor. They contacted Defendant Clear Creek and sought to
25   arrange for warranty repairs. On or around June 30, 2017, Defendant Clear Creek had a
26   technician attempt a repair by drilling holes that would allow water to drain from the air

COMPLAINT - 4

1  conditioning unit to the outside of the vehicle, rather than draining inside of the RV's living

2  space.

3       16.    The leaking appeared to stop for a time but then, on or around May 2, 2018,

4  Plaintiffs again had to drop off their RV at Clear Creek's service center in Puyallup for additional

5  warranty work to address the leaking area around the rear AC unit. Plaintiff Brian Gould

6  observed four of Defendant's employees standing on the roof of his RV the same day around the

7  area of the rear air conditioning unit, while apparently working on the repairs. He mentioned to

8  Defendant's employees that daylight could be seen out the top of three of the five sweeper seals

9  on the unit, due to the openings being too large. The unsealed openings in three of the RV's slide

10  outs were also contributing to the lack of insulation problems Plaintiffs had experienced. On or

11  around May 18, 2018, Plaintiffs e-mailed Clear Creek photos and videos showing the sweeper

12  seals were not effectively sealing off the interior of the RV.

13       17.    According to a warning appearing on Plaintiffs' RV where it was apparently

14  posted by Defendant Jayco, the roof of Plaintiffs' RV is only rated to support loads up to 300

15  pounds in weight. Plaintiff Brian Gould observed what appeared to be a substantially greater

16  load on the roof of the unit when Defendant's employees were standing on the roof during their

17  May 2018 repair attempts. Later, he observed apparent damage to the roof trusses caused by the

18  overloading of the roof during this incident.

19       18.    Early in 2019, the Goulds again experienced problems with the RV's exterior

20  which was leaking once again. In April, Plaintiffs contacted Clear Creek about bringing in their

21  unit for repairs prior to the end of the warranty coverage period which would be coming up on

22  June 16, 2019. Due to the extensive list of problems the Plaintiffs had noted and for which they

23  would be seeking warranty repairs, Plaintiff and Clear Creek agreed that it would make sense to

24  attempt repairs on the full list of issues rather than bringing the RV in for multiple repair attempts

25  prior to the end of the coverage period.

26

COMPLAINT - 5

Smith & Dietrich Law Offices PLLC
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

19.    On June 6, 2019, Plaintiffs dropped off their RV for warranty repairs as agreed with Clear Creek's employees. Plaintiffs provided Defendant with a written list of all currently known issues affecting the unit at that time (a total of approximately 30 issues). Defendant's employees estimated it would take 30 days to fix all the problems. The list of problems included:

- Openings in RV exterior around three of the slide out areas were not properly sealed, allowing daylight to be visible and air to freely flow into and out of the unit.
- Roof sagging around rear air conditioner after previous repair by Clear Creek.
    o   Clear Creek noted that "Moisture from the AC is flowing under [roof] membrane causing Area tot [*sic*] water damage."
- Ceiling trim was coming loose and the floor was noted to be unsound.
- Brakes were not working correctly.
- Water was leaking from a screw at the front passenger side trim near the fifth wheel pin box.

20.    The Goulds contacted Clear Creek again about the RV on July 2, 2019. Defendant's shop foreman told Plaintiffs that the repairs were "65% complete." Brian Gould mentioned that there were apparently broken roof trusses due to Clear Creek's employees walking on the roof in May 2018. Defendant's shop foreman stated he would look into that.

21.    Later that same day, Mr. Gould made a telephone call to Jayco and spoke with Customer Relations Manager Russ Draper's assistant who informed Mr. Gould that Mr. Draper would not take his call. Mr. Gould described the issues he had experienced getting warranty service on the leaking air conditioner in the rear of the RV and what appeared to be Clear Creek's employees' negligence in breaking the roof trusses on his RV. Mr. Draper's assistant confirmed that Jayco approved replacing the sweeper seals on the RV with the correct sized ones.

22.    Mr. Draper's assistant informed Mr. Gould that there would not be warranty coverage for the broken roof trusses because the problem was caused by Clear Creek.

COMPLAINT - 6

23.     On or around July 30, 2019, Defendant Clear Creek's shop foreman called Plaintiffs and reported that 29 of the 30 items on the list of warranty repair issues had been corrected. The remaining item was the roof trusses which were broken and which Jayco had told Clear Creek were not covered under the manufacturer's warranty. Mr. Gould again pointed out to Clear Creek's shop foreman that the problem had been caused by Clear Creek's own employees in May 2018.

24.     Defendant Clear Creek continued to hold onto the Goulds' RV, based on Plaintiffs' understanding that Clear Creek was continuing to attempt to repair the unit as not all of the noted issues had been corrected. On September 27, 2019, Clear Creek's warranty manager left a message for Plaintiffs letting them know that the RV was plugged in and ready to be picked up. The Goulds traveled to Clear Creek's service center and inspected the unit. They noted the following problems during an inspection with Defendant's shop foreman:

a.     The repair of the RV's front roof which had been leaking was unworkmanlike, including an unprofessional caulking job and obvious physical damage to the roof membrane.

b.     Following Defendant's purported repairs to the front roof, it was actually softer and less stable than it had been before the repairs were attempted.

c.     Water was leaking under the front air conditioning unit and coming out a screw hole on the nose. Plaintiffs observed signs of water damage in the RV's walls and floor, especially on the passenger side.

d.     Damaged roof trusses at the rear air conditioning unit were never repaired or addressed.

e.     The roof now gave significantly when a single person walked on it, producing about two inches of deflection. The effect could be observed from inside the unit. A comparison roof on another new RV at the dealership was much more solid, a point on which Mr. Gould and Clear Creek's shop foreman agreed.

COMPLAINT - 7

Smith & Dietrich Law Offices PLLC
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

25.     Defendant Clear Creek continued to hold onto the unit, with Plaintiffs understanding that they were continuing to attempt repairs to the persisting issues. On September 30, 2019, Plaintiffs e-mailed Clear Creek's warranty manager and requested a list of the repairs that had been performed. She responded with the original list of reported issues from June 2019 and an updated list of repair work showing what had been done and what remained to fix. The records she provided the Goulds suggested that various issues remained to be addressed.

26.     Plaintiffs retrieved their RV from Clear Creek on October 25, 2019. Soon after retrieving their unit, the Goulds noticed outstanding defects including unworkmanlike repairs to the water leaks in the roof and water-damaged components in the floor and walls. There were also unworkmanlike repairs to the ill-fitting slide-outs and an unworkmanlike repair to the roof membrane as well as unworkmanlike (or missing) repairs to the broken roof trusses throughout the ceiling.

27.     Plaintiffs, acting through counsel, delivered a letter summarizing their attempts to obtain warranty service on their RV to Defendants, and the outstanding damage to the unit, on or around November 4, 2019. In their letter, Plaintiffs informed Defendants that Plaintiffs were revoking their acceptance of the RV. Plaintiffs informed Defendants of the reasons for the revocation including that Plaintiffs had discovered the unit was apparently substantially damaged even after (or due to) Defendant Clear Creek's warranty repairs. The damaged components included the RV's membrane and various openings in the RV which had been noted as leaking previously, among other noted issues. Plaintiffs had given Defendants an opportunity to cure these defects by allowing Defendant Clear Creek months to attempt repairs, and by noting the continuing problems during their interim inspections of the RV while Clear Creek was still attempting its repairs.

28.     Independent professionals have recently inspected Plaintiffs' RV and confirmed that thousands of dollars of repairs are still needed to correct significant issues with the unit. These estimates reflect that, among other things, the unit's rubber roof membrane and roof panels

COMPLAINT - 8

1   must be replaced and reinforced; new roof trusses must be installed to replace the 10 damaged

2   ones; the unit's braking system is not working properly; and that there are signs of water damage

3   into the wall around the front air conditioning unit, among other apparent issues. The full amount

4   of damage to the walls and costs to repair the same cannot be determined until the roof membrane

5   and underlayment is removed and assessed.

6       29.    By allowing Defendants multiple opportunities and months of time to repair the

7   issues they experienced with their RV unit and notifying Defendant of the known issues affecting

8   the unit, Plaintiffs both requested warranty repairs from Defendants and gave Defendants a

9   reasonable opportunity to cure their failure to perform repairs as provided by the Magnuson-

10   Moss Warranties Act.

11       30.    Defendants induced Plaintiffs to purchase their RV through conduct including the

12   offering of the unit for sale subject to Defendant Jayco's express written warranty. Plaintiffs

13   accepted the RV initially on the reasonable assumption that the unit was either merchantable and

14   free of any significant defects, or that any significant defects in the unit would seasonably be

15   repaired by Defendants. But after Plaintiffs discovered significant defects in the unit and offered

16   Defendants multiple opportunities to repair the same, the defects remain and the value of

17   Plaintiffs' property is diminished by the same.

18       31.    Following a reasonable opportunity to repair the defects affecting Plaintiffs' RV,

19   Defendants were unable to fix the problems or render the RV merchantable. Defendants were

20   notified of the problems persisting in the RV and were given an opportunity to cure the issues,

21   but failed to do so. The RV continues to suffer from substantial issues that Defendants were

22   informed of and given a reasonable opportunity to cure, including brakes that do not work

23   properly, and a damaged and unusable living space that has been rendered uninhabitable by

24   extensive water leaks.

25       32.    Plaintiffs have suffered financial losses including that they have continued to pay

26   their outstanding RV loan despite not receiving the benefit of their bargain with Defendants.

COMPLAINT - 9

Smith & Dietrich Law Offices PLLC
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

1   Plaintiffs have been injured by Defendants' sale of an unmerchantable recreational vehicle. Their

2   losses include the out of pocket costs Plaintiffs have incurred to obtain independent expert

3   opinions about the condition of their unit; the lost use value of their unit during the periods when

4   it was unusable due to leaking and other defects; the lost use value of their unit during the periods

5   when Defendants were purportedly attempting to repair it; and the lost time-value of their money

6   spent on the purchase of the unit, as well as attorney fees and costs related to this litigation.

7
## V. CLAIMS

8
### FIRST CAUSE OF ACTION
### (Breach of Warranty of Merchantability)
9
### Against Defendant Clear Creek RV Center, Inc.

10     33.    The preceding allegations are incorporated by reference and realleged as if fully

11   set forth herein.

12     34.    At all relevant times, Defendant Clear Creek RV Center, Inc. was a merchant with

13   respect to the Goulds' RV as that term is used in Article 2 of the Uniform Commercial Code.

14   Plaintiffs purchased their RV from Defendant Clear Creek subject to an implied warranty of

15   merchantability.

16     35.    Substantial defects affecting the value and usability of the RV came to Plaintiffs'

17   attention during the time after Plaintiffs purchased it. The RV was defectively designed and/or

18   manufactured and was not fit for ordinary uses or such as would pass without objection in the

19   retail trade of recreational vehicles. Plaintiffs promptly informed Defendants of various known

20   defects and gave Defendants a reasonable opportunity to repair those defects.

21     36.    Despite being notified of defects and having a duty to seasonably repair the same,

22   Defendants breached their warranty to Plaintiffs by failing to seasonably repair the defects

23   affecting the RV.

24     37.    Plaintiffs have performed all actions required of them to maintain coverage and

25   obtain service under their warranties on the RV, except for any acts they were prevented from

26   performing or which were waived or excused by Defendants' misconduct.

COMPLAINT - 10

Smith & Dietrich Law Offices PLLC
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

1     38.   As a proximate result of Defendant's breach of the warranty of merchantability,

2  Plaintiffs have been damaged in an amount to be proven at trial and seek relief as set forth in the

3  Prayer below.

**SECOND CAUSE OF ACTION**
**(Breach of Express Warranty)**
**Against Defendant Jayco, Inc.**

39.   The preceding allegations are incorporated by reference and realleged as if fully set forth herein.

40.   Plaintiffs purchased their RV from Defendant Clear Creek subject to an express warranty provided by Defendant Jayco.

41.   Substantial defects affecting the value and usability of the RV came to Plaintiffs' attention during the time after Plaintiffs purchased it. Plaintiffs promptly informed Defendants of those defects and gave Defendants a reasonable opportunity to repair those defects.

42.   Despite being notified of defects and having a duty to seasonably repair the same, Defendant Jayco breached its warranty to Plaintiffs by failing to seasonably repair the defects affecting the RV or arrange for its agents to do the same.

43.   Plaintiffs have performed all actions required of them to maintain coverage and obtain service under their warranties on the RV, except for any acts they were prevented from performing or which were waived or excused by Defendants' misconduct.

44.   As a proximate result of Defendant's breach of its express warranty, Plaintiffs have been damaged in an amount to be proven at trial and seek relief as set forth in the Prayer below.

**THIRD CAUSE OF ACTION**
**(For Violation of Warranties under Magnuson-Moss Warranties Act)**
**Against Both Defendants**

45.   The preceding allegation are incorporated by reference and realleged as if fully set forth herein.

46.   Plaintiffs' purchase of the RV was a sale of a consumer good as defined in the Magnuson-Moss Warranties Act (Magnuson-Moss).

COMPLAINT - 11

Smith & Dietrich Law Offices PLLC
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

47.     Plaintiffs' purchase of the RV was subject to an implied warranty of merchantability and an express warranty as provided under Washington law.

48.     As to the sale of the RV to the Goulds, Defendant Clear Creek RV Center, Inc. and Defendant Jayco, Inc. are each a "supplier" and a "warrantor" as those terms are defined in Magnuson-Moss.

49.     Defendants breached their duties under Magnuson-Moss by failing to seasonably perform repairs of identified defects in the RV as required under the implied warranty of merchantability and/or Defendant Jayco, Inc.'s written warranty accompanying the RV purchased by the Goulds.

50.     Defendants were notified of the need for repairs to the RV as required by the implied warranty of merchantability and Defendant Jayco, Inc.'s written warranty. Despite being informed of the ongoing need for repairs, Defendants have failed to cure their failure to comply with Plaintiffs' warranties on the RV.

51.     Plaintiffs have performed all actions required of them to maintain coverage under their warranties on the RV, except for those they were prevented from performing or which were waived or excused by Defendants' misconduct.

52.     As a proximate result of Defendants' breach of their implied and written warranty duties, Plaintiffs have been damaged in an amount to be proven at trial and seek relief as set forth in the Prayer below.

**FOURTH CAUSE OF ACTION**
**(For Revocation under Uniform Commercial Code)**
**Against Both Defendants**

53.     Plaintiffs purchased their RV from Defendants without knowledge of any nonconformities or defects affecting the unit.

54.     Substantial nonconformities that impaired the value of the RV to Plaintiffs were present in the RV the Goulds purchased, but their discovery was not possible at the time of purchase because these defects were latent and not observable by the Goulds at the time of purchase.

COMPLAINT - 12

Smith & Dietrich Law Offices PLLC
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

55.     The Goulds discovered substantial nonconformities affecting their RV before any substantial change in condition of the RV which was not caused by the RV's defects.

56.     The Goulds notified Defendants within a reasonable time of their revocation of their acceptance of the RV.

## FIFTH CAUSE OF ACTION
### (For Negligence)
### Against Both Defendants

57.     Defendant Clear Creek owed a duty of reasonable care toward Plaintiffs in completing warranty repairs on Plaintiffs' recreational vehicle.

58.     Defendant Jayco owed a duty of reasonable care toward Plaintiffs in supervising its authorized service personnel, including Defendant Clear Creek, in completing warranty repairs on Plaintiffs' recreational vehicle.

59.     Defendants breached the duty of care they each owed to Plaintiffs through Clear Creek's failure to exercise reasonable care in performing warranty related work on Plaintiffs' recreational vehicle, and through Jayco's failure to exercise reasonable care in supervising Clear Creek's attempts to fulfill Defendants' warranty obligations toward Plaintiffs.

60.     Defendants' breach of their duties of care toward Plaintiffs were both the cause in fact and the proximate cause of injuries the Plaintiffs have suffered.

61.     Defendants' breach of their duties of care toward Plaintiffs have damaged Plaintiffs in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION
### (For Breach of Contract)
### Against Both Defendants

62.     Defendant Clear Creek offered to complete warranty repairs on Plaintiffs' recreational vehicle. Plaintiffs accepted by allowing Clear Creek to undertake warranty repairs on their RV. Plaintiffs and Defendant Clear Creek entered into a contract to complete repairs.

63.     Defendant Clear Creek breached the parties' contract by failing to perform repairs as agreed.

COMPLAINT - 13

Smith & Dietrich Law Offices PLLC
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

1        64.    Defendant Clear Creek's breach of the parties contract for repairs was both the

2 cause in fact and the proximate cause of injuries Plaintiffs sustained.

3        65.    Plaintiffs suffered damages due to their injuries caused by Clear Creek's breach

4 of contract in an amount to be proven at trial. Plaintiffs' damages include costs to repair damage

5 to their RV from unworkmanlike repairs, unaddressed defects, and diminished value of their RV

6 due to Defendant's breach of contract, as well as incidental and consequential damages.

7                         **VI. PRAYER FOR RELIEF**

8        WHEREFORE, Plaintiffs Brian Gould and Kimberly Gould pray for judgment as

9 follows:

10        66.    For compensatory and statutory damages on all applicable claims and in an

11 amount to be proven at trial, including all amounts paid by Plaintiffs by reason of the purchase

12 of their recreational vehicle and all costs they have incurred in connection with the same;

13        67.    For an order requiring Defendant to repurchase Plaintiffs' defective recreational

14 vehicle and absolving Plaintiffs of all future obligations to the lender on their loan to purchase

15 the recreational vehicle;

16        68.    For costs;

17        69.    For interest;

18        70.    For attorneys' fees under the Magnuson-Moss Warranties Act; and for

19

20

21

22

23

24

25

26 //

COMPLAINT - 14

**Smith & Dietrich Law Offices PLLC**
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

1   71.   For such other relief as the Court deems just and proper.

2

3   Respectfully signed and dated January 23, 2020.

4

5                                         SMITH & DIETRICH LAW OFFICES PLLC

6

7                                         Walter M. Smith (WSBA No. 46695)

8                                         walter@smithdietrich.com
                                          SMITH & DIETRICH LAW OFFICES PLLC
9                                         3905 Martin Way E, Suite F
                                          Olympia, WA 98506
10                                        Phone: (360) 915-6952
                                          *Attorneys for Plaintiffs Brian and Kimberly Gould*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT - 15